```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 08-61558-CIV-LENARD
                         MAGISTRATE JUDGE P. A. WHITE
ANTHONY GARLAND,           :

     Petitioner,           :

v.                         :     REPORT ON MOTIONS FOR
                                 TRO/ PRELIMINARY INJUNCTION
WALTER MCNEIL,             :     (De#s 56, 58, 59, 60, 65 &66)

     Respondent.           :
_____
```

This is a <u>pro se</u> habeas corpus case filed pursuant to 28 U.S.C. §2254.

This Cause, referred to the Undersigned Magistrate Judge, is before the Court upon the following motions filed by the petitioner: Motion for Temporary Restraining Order (TRO) and Preliminary Injunction (DE#56), Motion for leave to amend motion for TRO (DE#58), Motion for emergency hearing (DE#59), Amended Motion for TRO (DE#60), Motion for leave to file Preliminary Injunction (DE#65), and Motion for TRO (DE#66).

This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. <u>See</u> <u>California v. American Stores Company, et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dept. of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened

injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

## Motion for Temporary Restraining Order (DE#56)

The petitioner filed a petition for writ of habeas corpus while confined in Florida State Prison, attacking his conviction in Case No. 05-19391-CFA, for battery on a law enforcement officer, following a jury verdict in Broward County. A Report was entered recommending that the petitioner's claims were in the process of being exhausted in state court, and therefore the petition be dismissed without prejudice to allow the petitioner to complete his exhaustion of his claims in state court.

In his initial Motion for a Temporary Restraining Order (DE#56), with Memorandum of law, the petitioner challenges his conviction and detention. He alleges that Broward County Deputies and the State Attorney are responsible for his wrongful conviction. These claims, challenging his conviction and detention, must be raised in his habeas corpus petition, a motion for a TRO is not the proper vehicle.

He further alleges violations occurring at Florida State Prison. He seeks a restraining order against the monitoring of his outgoing mail, and retaliation by Officials. Florida State Prison is located in Union County, in the Middle District of Florida, and alleged violations occurring by officials in the Middle District must be addressed in a civil rights complaint filed in the Middle District of Florida. The appropriate venue provision in this case is 28 U.S.C. §1391(b).  Clark v. Harp, 737 F.Supp. 676 (D. D.C.

1990); Harley v. Oliver, 400 F.Supp. 105 (W.D. Ark. 1975). That section provides in relevant part that a case not based on diversity of citizenship should be brought in the judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated.

Lastly Garland seeks an Order compelling the defendants to transfer him the custody of the Broward Sheriff's Office and then to release him on a furlough with no restraints, to the custody of his Aunt. This relief cannot be granted in a motion for a TRO. His release will be determined either following a successful challenge to his conviction pursuant to 28 U.S.C. §2254, or by the Department of Corrections, when and if applicable. The petitioner was sentenced to ten years imprisonment, with a minimum of five years mandatory as a habitual felony offender, and furloughs are determined by the Department of Corrections.

Review of this motion reveals that it does not state a prima facie case for preliminary injunctive relief pursuant to Johnson v. United States Department of Agriculture, 734 F.2d 774 (11 Cir. 1984), and cases cited therein. It is therefore recommended that this motion be denied. (DE#56)

<u>Motion to Amend Motion for TRO (DE#58)</u>
<u>& Amended Motion (DE#60)</u>

The petitioner filed a Motion for Leave to Amend his motion for TRO (DE#58), and an Amended motion for TRO (DE#60), with a Memorandum. Review of the Amended Motion reveals it to be almost

identical in content to his initial motion for TRO. It is therefore recommended that the motion for leave to amend his motion for TRO (DE#58) be denied, and the amended motion for TRO (DE#60) be stricken.

### Motion for Emergency Hearing (DE#59)

The petitioner has filed an emergency motion for a hearing (DE#59). The petitioner seeks a hearing on the alleged violations which resulted in his conviction and detention. These claims were raised in his Motion for TRO. As the motion for TRO is without merit, this motion for a hearing should be denied as moot. (DE#59) The proper vehicle to challenge his conviction and detention is through his habeas corpus petition.

### Motion for leave to file Preliminary Inunction (DE#65)

The petitioner has filed a motion for leave to file a Preliminary Injunction (DE#65). In this motion he again alleges violations occurring at the Florida State Prison. He alleges that Medical Officials are seeking to block his release to prevent him from taking care of his serious medical needs, and attempting to conceal their medical malpractice. He further claims the mail room is obstructing his mail.

Once again, these claims which should be brought in a civil rights complaint in the Middle District of Florida, where the petitioner is confined, where the defendants reside, and where the alleged violations occurred.   Supra;  Clark v. Harp, 737 F.Supp. 676 (D. D.C. 1990); Harley v. Oliver, 400 F.Supp. 105 (W.D. Ark. 1975).

The petitioner further collaterally attacks his conviction in state case 05-19391, the subject of his pending habeas corpus petition. As stated above, a motion for preliminary injunction is not the proper vehicle for a collateral attack upon a state conviction. 28 U.S.C. §2254.

Motion for TRO (DE#66)

This motion for a TRO is almost identical to the prior motions for TRO filed, and seeks identical relief. For the reasons stated above, it should be denied. (DE#66)

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 20th day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Anthony Garland, Pro Se
    Florida State Prison
    Address of Record

    Daniel Hyndman, AAG
    Office of the Attorney General
    West Palm Beach
    Address of record